UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Yeni Mota Aparicio
(A-Number: 087-649-356),

        Petitioner,

  v.

Christopher Chestnut, in his official capacity
as the Warden of the California City
Detention Center, et al.,

        Respondents.

No.  1:26-cv-05110-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS

Doc. 1

Petitioner Yeni Mota Aparicio is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition—that a noncitizen in petitioner's circumstances is subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A).  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).  The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.

Respondents assert that this case is distinct.  They argue that petitioner is subject to 8 U.S.C. § 1226(c)(1)(A) due to a conviction for petty theft in violation of California Penal Code § 484(a) in 2014.  *See* Doc. 6 at 19–20.  Section 1226(c)(1)(A) mandates the detention of "any

1

alien" who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title."  8 U.S.C. § 1226(c)(1)(A).  Section 1182(a)(2) "renders inadmissible applicants convicted of certain crimes, including crimes involving moral turpitude ('CIMTs')." *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1173 (9th Cir. 2022).  "Petty theft in violation of certain statutes, including California Penal Code §§ 484, 488, is a CIMT."  *Id.*

"However, a noncitizen with only one conviction for a CIMT crime is not inadmissible if the crime qualifies under the 'petty offense exception.'"  *Id.*  "A CIMT qualifies under the petty offense exception if 'the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of [six] months.'"  *Id.* (quoting *Lafarga v. INS*, 170 F.3d 1213, 1214–15 (9th Cir. 1999)).

Petitioner qualifies for the petty offense exception.  Petitioner has only one conviction for a CIMT, and respondents concede that "the petty theft offense carries a maximum penalty of less than one year (6 months) and the actual sentence imposed was less than or equal to six months – 180 days."  Doc. 6 at 4.  The nevertheless argue that petitioner "falls out of the exception" because she also has a prior conviction for simple battery.  *See id.*  But both the Ninth Circuit "and the BIA have both held that simple battery is not categorically a crime involving moral turpitude."  *See Hernandez-Gonzalez v. Holder*, 778 F.3d 793, 808 (9th Cir. 2015).

The petty offense exception applies because petitioner has only one conviction for a crime involving moral turpitude.  *See Alba-Perez v. Warden, Mesa Verde Det. Facility*, No. 1:26-CV-03137 DJC SCR, 2026 WL 1651042, at *2 n.2 (E.D. Cal. June 8, 2026), *report and recommendation adopted*, 2026 WL 2044253 (E.D. Cal. July 15, 2026) ("Respondent argues that the Court need not consider the petty offense exception because Petitioner 'committed more than one crime.' However, the exception applies to convictions for more than one *crime involving moral turpitude*."); *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1162 (9th Cir. 2009) (holding that "[i]t therefore appears that Castillo-Cruz's 1989 conviction for petty theft may fall within the petty offenses exception[,]" even though he had another conviction which was not a CIMT); *Tamara v. Lynch*, 658 F. App'x 316 (9th Cir. 2016) ("First, the petty offense exception applies

2

where, among other factors, the non-citizen applying for cancellation of removal has been convicted of only one crime involving moral turpitude. The BIA found Tamara ineligible for the petty offense exception solely on the basis of the two prior convictions; it failed to address whether both of those convictions were for crimes involving moral turpitude.").

As respondents have not identified any pertinent factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide her with 72 hours' written notice before the bond hearing in a language that she can understand.  Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that she can obtain an attorney.  If petitioner obtains an attorney, her attorney shall also be given 72 hours' written notice before the bond hearing.  The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.  If respondents do not provide petitioner with a bond hearing within seven (7) days, then respondents must release her.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   July 22, 2026   

_____
UNITED STATES DISTRICT JUDGE

3